UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Paul Spivak,** | ) | **CASE NO. 1:20 CV 1244** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Huntington National Bank,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon defendant's Partial Motion to Dismiss (Doc. 5). This case arises out of defendant's handling of transactions related to two loans. For the following reasons, the motion is GRANTED.

**Facts**

Plaintiff Paul Spivak filed his *pro se* Complaint in the Lake County Court of Common Pleas against defendant Huntington National Bank[1]. The case was thereafter removed to this Court on the basis of federal question, and counsel entered an appearance on plaintiff's behalf.

---

[1] Defendant states that the correct name is The Huntington National Bank.

1

The Complaint alleges the following. Plaintiff did banking at the Willoughby, Ohio Huntington National Bank branch office. On January 21, 2020, plaintiff requested one of his staff to go into that branch to make payments on two individual loans the bank was currently servicing for plaintiff. The loan payments were due on the 28th day of each month. Also at that time, plaintiff was in negotiations with lender Stronghill Capitol to purchase a building and property located in Euclid, Ohio. The bank teller accepted the checks and properly applied one check to the balance of the loan payment for the first loan.  However, the bank teller improperly applied the second check to the first loan as well rather than to the second loan for which it was intended. Consequently, the payment on the second loan went unpaid.

Plaintiff had never defaulted on a loan payment, and defendant's misapplication of the payment set off a course of events detrimental to plaintiff.  Defendant notified consumer credit bureaus of the delinquent loan payment. Plaintiff's perfect credit score dropped. Additionally, negotiations for the building and property in Euclid began to fall apart as a result of defendant's actions.

Plaintiff provided proof of the loan payment to the branch manager who claimed she would properly apply the check to the correct loan.  Defendant informed plaintiff that the correction would take five days. Defendant also informed plaintiff that an additional five days was necessary to correct the credit report, but the correction was never made.  The damaged credit report led Stronghill Capitol to require a larger down payment and to increase the monthly payments on the loan to purchase the Euclid property.  Stronghill Capitol also began to demand paperwork which had previously been considered unnecessary.

The Complaint sets forth four claims.  Count One alleges vicarious liability/respondeat

superior. Count Two alleges negligence. Count Three alleges negligence *per se.* Count Four alleges violations of the Fair Credit Reporting Act (FCRA).

This matter is now before the Court upon defendant's Partial Motion to Dismiss for failure to state a claim.

**Standard of Review**

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). We assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008) ). In construing the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett,* 2009 WL 1505256 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir.1997). As outlined by the Sixth Circuit:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests."*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir.2012). Thus, *Twombly* and *Iqbal* require that the complaint contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face based on factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 570; *Iqbal,* 556 U.S. at 678. The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

**Discussion**

Defendant moves for dismissal of Counts One, Two, and Three. Defendant maintains that plaintiff, an individual, is not a proper party to this action, and that Counts One, Two, and Three are pre-empted by federal law, displaced by the loan agreements, and fail to state a claim.

**(1) Proper Party**

Defendant argues that plaintiff, as an individual, is not a party to the loan agreements as the loans were not given to plaintiff but to two companies- Intellitronix Corp. and U.S. Lighting Group, Inc. Defendant submits the two loan agreements at issue. Plaintiff does not dispute the admissibility of the agreements. Defendant asserts that the documents show that plaintiff executed one loan agreement as President of Intellitronix Corp. and the second loan agreement as CEO of U.S. Lighting Group, Inc. Defendant argues that because plaintiff signed the agreements in a representative capacity, not an individual capacity, as the loans were made to the corporations, he cannot, individually, maintain this action. Because claims relating to the loans would have to be brought on behalf of the corporations which are not parties to this action, defendant asserts they must be dismissed. Furthermore, defendant contends that even if plaintiff filed this Complaint in his representative capacity, it would still fail because, under Ohio law, he cannot bring a *pro se* action on behalf of a corporation which "may appear in the federal courts only through licensed counsel." *Dobronski v. Alarm Mgt. II, L.L.C.*, 2020 WL 1899564 (E.D. Mich. Apr. 17, 2020). *Vandorn v. McCarthy*, 2016 WL 2898150 (N.D. Ohio May 18, 2016).

Plaintiff argues that the loan agreements show that he signed them in an individual and representative capacity and, therefore, the Complaint is not subject to dismissal on the ground that plaintiff is not a proper party. For the following reasons, this Court agrees.

The first loan states in the first paragraph,"The terms 'you' or 'your' mean each person who signs this agreement." The same paragraph further states, "Please read this agreement carefully and if you agree to these terms, sign your name below. Each of you is responsible both individually and jointly under this agreement." (Doc. 5 Ex. A) The agreement further states under the heading "**Your promise to pay**," "By signing this agreement, you promise to pay us…." (*Id.*) Additionally, the "**Notice to Cosigner**" box cautions that anyone who co-signs on the loan will have to pay in the event of any borrower's default. Finally, immediately above the signature sections on the first page appears the following: " **Acknowledgment**: Each person or entity signing below is responsible for paying this loan in full." There are two signature boxes: one for an "individual borrower" and one for a "corporation or other business entity." Plaintiff signed both as an individual borrower and on behalf of the corporation known as "Intellitronix Corp." as president. (*Id.*) The second agreement contains the same verbiage, and plaintiff signed both as an individual borrower and on behalf of the corporation known as "US Lighting Group, Inc." as CEO. (*Id.*)

Because both loan agreements make clear that any signatory is responsible for all payment obligations, the Court cannot find that plaintiff is not a proper party under the agreements.

**(2) Common Law Claims**

Counts One, Two, and Three allege respondeat superior, negligence, and negligence *per se.* Defendant contends that dismissal of the common law claims is warranted because they are

5

displaced by the loan agreements. This Court agrees.

> It is well-recognized that
>
> A breach of contract claim does not create a tort claim, and a tort claim based upon the same actions as those upon which a breach of contract claim is based exists only if the breaching party also breaches a duty owed separately from that duty created by the contract, that is, a duty owed even if no contract existed. *Textron Fin.Corp. v. Nationwide Mut. Ins. Co.* (1996), 115 Ohio App.3d 137, 151, 684 N.E.2d 1261, discretionary appeal not allowed in (1996), 78 Ohio St.3d 1425, 676 N.E.2d 531. Further, there must be damages attributable to the wrongful acts which are in addition to those attributable to the breach of contract. *Id.*

*Parker Hannifen Corp. v. Standard Motor Products, Inc.* 2019 WL 5425242 (N.D.Ohio October 23, 2019), (quoting *Prater v. Three C Body Shop, Inc.*, 2002 WL 479827 at * 4 (Ohio Ct. App. 10th Dist. March 29, 2002). See also *Hoskins v. Aetna Life Ins. Co.*, 452 N.E.2d 1315 (Ohio 1983) (noting that "it is well established in Ohio that it is no tort to breach a contract, regardless of motive").

Although plaintiff does not allege a breach of contract claim, the three common law claims arise out of the servicing of the loan agreements. Plaintiff's Complaint alleges that defendant "approved a loan for the plaintiff and, thus, was responsible for servicing that loan..." Count One alleges that defendant is liable under the doctrine of *respondeat superior* for the bank teller's negligence in improperly applying the loan payments. Count Two alleges negligence and asserts that defendant breached its duties to use reasonable care in transacting business so as to prevent the risk of the misapplication of loan payments, to ensure that all banking transactions followed the provisions of Ohio Revised Code § 1301, and to adequately train employees. Count Three alleges negligence *per se* in that plaintiff's injuries resulted from defendant's violation of Ohio Revised Code § 1304.01-1304.40, the statute governing the actions of banks.

Plaintiff argues that defendant owes a duty independent of the loan agreements. Plaintiff maintains that Ohio Revised Code § 1304 imposes legal duties on defendant as a bank, the violations of which give rise to tort claims. In this case, plaintiff contends defendant "has clearly disregarded the instructions of the drawer, plaintiff, when improperly dispensing the funds to the incorrect loan." (Doc. 12 at 9) Plaintiff maintains that *Master Chemical Corp. v. Inkrott*, 55 Ohio St.3d 23 (1990), supports his position. Additionally, plaintiff points out that § 1304.12(A) provides that "A collection bank shall exercise ordinary care in doing all of the following: (1) Presenting an item or sending it for presentment..." Plaintiff asserts that defendant failed to exercise such ordinary care. Plaintiff argues that in the alternative, a negligence claim lies in connection with a party's failure to fulfill his contractual obligations with care. Plaintiff cites to *Wagenheim v. Alexander Grant & Co.,* Ohio App.3d 7 (10th Dist. 1983), which stated that "there is a duty recognized in every contract that each party will fulfill his obligations with care, skill, and faithfulness, and that the breach of such a duty will give rise to a cause of action in tort." For the following reasons, plaintiff's assertions are not persuasive.

Initially, plaintiff has not disputed that his claims are governed by the loan agreements. As such, the Court agrees with defendant that when parties reduce their relationship and obligations to a written contract, there is generally no independent duty of care. Plaintiff points to *Master Chemical, supra,* which acknowledged, "Once the payee bank accepts custody and control of the funds, it can justify dispensing the funds only in compliance with the instructions of the drawer." But, in that case, the bank failed to pay proceeds to the named payee and deposited the funds into a different account at the request of the wrongdoer instead. Here, plaintiff's allegations indicate that the checks were payable to defendant, and paid to defendant. Moreover, while plaintiff refers

7

in his brief to "instructions" provided to defendant, the Complaint does not contain any such allegations. Plaintiff only alleges that after applying one check to the balance of the first loan, "the remaining check was intended for payment of the second loan." Plaintiff attempts to establish a separate duty apart from the one created by the loan agreements. In the absence of such a duty, the tort claims must fail. But, while plaintiff's Complaint refers to Ohio Revised Code § 1301.01 and 1304.01-1304.40, he fails to identify what provision of the code was allegedly breached. Finally, plaintiff's argument that there exists a duty of care in the contract that gives rise to a tort claim if breached, has no basis in Ohio law because "there is no independent cause of action for breach of the implied duty of good faith and fair dealing apart from a breach of the underlying contract." *Doe v. University of Dayton*, 766 Fed. Appx. 275 (6th Cir. 2019), *Kendell v. Phoenix Home Health Care Services,* 720 Fed. Appx. 249 (6th Cir. 2017) (under Ohio law, the implied duty of good faith "does not create an independent basis for a cause of action"). Plaintiff's reliance on *Wagenheim v. Alexander Grant & Co.,* 19 Ohio App.3d 7 (10th Dist. 1983), is misplaced as that court recognized that while a contract between an accountant and his client implied a duty not to disclose information to the public, the unauthorized disclosure of such information "will give rise to an action for *breach of contract.*" *Id.* (emphasis added)

Furthermore, even assuming plaintiff's common law claims were not displaced by the loan agreements, the claims are barred by the economic loss doctrine. The Ohio Supreme Court has held that the economic loss rule prevents recovery in tort for purely economic losses. *Corporex Dev. & Const. Mgmt., Inc. v. Shook, Inc.*, 106 Ohio St. 3d 412 (2005). "The well-established general rule is that a plaintiff who has suffered only economic loss due to another's negligence has not been injured in a manner which is legally cognizable or compensable." *Id*. "The rule stems

from the recognition of a balance between tort law, designed to redress losses suffered by breach of a duty imposed by law to protect societal interests, and contract law, which holds that parties to a commercial transaction should remain free to govern their own affairs." *Id.* (quoting *Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut. Ins. Co.*, 42 Ohio St. 3d 40 (1989).) "The economic-loss rule applies in a tort action only when economic loss is unaccompanied by personal injury or property damage." *Pavolich v. National City Bank*, 435 F.3d 560 (6th Cir. 2006) (quoting *Chmetrol*); *City of Cleveland v. Ameriquest Mtg. Securities, Inc.*, 621 F.Supp2d 513 (N.D.Ohio 2009) ("[T]he economic loss rule precludes tort recovery for economic losses not arising from tangible physical harm to persons or property.") Plaintiff alleges only purely economic loss in seeking monetary damages in his claim for relief. Thus, his common law claims are barred by the economic loss rule.

Because the common law claims are displaced by the loan agreements and/or barred by the economic loss rule, the Court need not address whether they are also preempted by the FCRA or whether they fail on the merits.

### Conclusion

For the foregoing reasons, defendant's Partial Motion to Dismiss is granted.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 10/21/20